IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RECKO ELLIS, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **7: 07-CV-95 (HL)** |
| OFFICER PEETE, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action are several motions. Plaintiff can only be considered to be a frequent filer, as he currently has filed 18 lawsuits in this district alone since 2006.

*1. Defendant's Motion to Dismiss (doc. 17)*

Defendant Officer Renfroe has filed this motion to dismiss, based upon a Release signed by plaintiff.

In his complaint, plaintiff alleges that Officer Renfroe came into his cell on December 30, 2006, at the Lowndes County Jail, and took his sheets, mattress, jump suits, and Bible. Plaintiff alleges that he requested the return of the items, but his requests were ignored (Doc. 2).

In Civil Action No. 7:03-CV-03, in the Valdosta Division of the Middle District of Georgia, entitled Ellis v. Shaprell, et al., plaintiff sued this defendant as well as others. As a result of that litigation, on May 16, 2007, the parties entered into a Release and Settlement Agreement. As a result of that agreement, plaintiff agreed as follows:

Recko Ellis does hereby release, remise, acquit, and forever discharge Releasees....from

> any and all rights, claims, damages, losses, cost, expenses, actions and causes of action arising from.....(2) Recko Ellis' arrest, incarceration and/or detention by or at the direction of the Releasees; and (3) any other matter or claim incurring or existing at any time from the beginning of time through the date of the execution of this Agreement. Recko Ellis understands and agrees that by signing this agreement, he is releasing any right which he may have under federal, state or municipal law and is hereby coveting to dismiss all present lawsuits, not to file any future complaints or lawsuits or assert any claims against ....

(exhibit A doc. 18).

Plaintiff then filed the instant lawsuit on July 23, 2007, just two months after executing the release, based upon events that transpired in December of 2006. Plaintiff does not respond substantively to this motion nor counter the evidence presented by defendant Renfroe.

Based upon a reading of the Release and Settlement Agreement, plaintiff clearly released Renfroe for all actions up to May 16, 2007, the date he signed the Release and Settlement Agreement. Therefore, it appears that defendant Renfroe is entitled to the dismissal of this action against him, as the actions contained in the complaint occurred prior to the Release and were expressly covered by the Release. It is therefore the RECOMMENDATION of the undersigned that defendant Renfroe's motion to dismiss be **GRANTED**.

## *2. Plaintiff's Motion for Summary Judgment (doc. 22)*

On December 26, 2007, plaintiff filed a two page motion for summary judgment. Plaintiff also files a one-page affidavit, stating that everything he has said is true. However, plaintiff does not allege any specific facts, other than a reference to what was contained in his original complaint, that would show he is entitled to summary judgment.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475

U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

Plaintiff has failed to show on the face of his motion how he is entitled to summary judgment. Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion

3

be **DENIED**.

*3. Plaintiff's Motion for Default (doc. 30)*

Plaintiff moves the court to enter default against the defendants in this case for their failure to respond to plaintiff's motion to prosecute/right to a speedy trial (doc. 28) within 20 days as specified in the motion.

First of all, plaintiff does not get to set time constraints on the opposing party. That is something either encompassed within the Federal Rules of Civil Procedure, Local Rules, or set specifically by a judge. None of those set a time limit of 20 days to respond to a motion to prosecute.

Secondly, the undersigned has interpreted plaintiff's motion to prosecute/right to a speedy trial as a demand for trial, to which no response by defendant is required.

It is therefore the RECOMMENDATION of the undersigned that plaintiff's motion for default be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 12th day of May, 2008.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE